UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JEREMIAH ALLSOPP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 4:18-CV-56-TAV-SKL |
|  | ) |  |
| MATTHEW HARE and | ) |  |
| COFFEE COUNTY, TENNESSEE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM OPINION AND ORDER**

This is a prisoner's civil rights complaint under 42 U.S.C. § 1983. Now before the Court are (1) Plaintiff's motion for partial summary judgment [Doc. 19]; (2) Defendants' motion to bifurcate Plaintiff's claims against the individual Defendant from his claims against Coffee County, Tennessee [Doc. 17]; and (3) Plaintiff's motion *in limine* to exclude or limit references to his felony convictions at trial [Doc. 20]. The Court will address these motions in turn.

### I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a motion for partial summary judgment against Defendant Hare on the issue of liability [Doc. 19, Doc. 21], Defendants have filed a response opposing the motion [Doc. 25, Doc. 26], and Plaintiff has filed a reply to the response [Doc. 29].

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)). Rather, in order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

In his complaint, Plaintiff asserts that Defendant Hare used unjustified and excessive force against Plaintiff while Plaintiff was housed as a pretrial detainee at the Coffee County Jail [*See* Doc. 1]. In assessing a pretrial detainee's claim that excessive

force was used against him, the court considers only whether Plaintiff has shown that "the force purposely or knowingly used against him was objectively unreasonable." *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene," rather than with "the 20/20 vision of hindsight." *Id.*

The undisputed evidence before the Court demonstrates that Plaintiff and Defendant Hare were engaged in a verbal altercation on August 29, 2017, that resulted in Defendant Hare ending Plaintiff's recreational time and ordering Plaintiff back to his cell [*See, generally,* Docs. 19-1 and 19-2]. It is also undisputed that during the process of walking Plaintiff to his cell, Defendant Hare forced Allsopp down to the floor, secured him, and then escorted Plaintiff to his cell with the assistance of other officers [Doc. 19-1 at 8, Doc. 19-2, Doc. 21, Doc. 26-3]. Plaintiff, however, contends that Defendant Hare's actions constitute a gratuitous show of force unwarranted under the circumstances, while Defendant Hare contends that his approximately one second "take down" of Plaintiff was warranted based on Plaintiff's repeated threats to him and belligerent attitude [*See, generally*, Docs. 19-1, Doc. 19-2, Doc. 26-1, Doc. 26-3].

Having reviewed the summary judgment evidence, including a video[1] of the take down giving rise to this lawsuit, the Court finds that there remains a genuine issue of

---

[1] There is no audio on the video of the incident [Doc. 21].

material fact whether force was warranted in securing Plaintiff and returning him to his cell. Specifically, the parties disagree whether Plaintiff was non-complaint with commands prior to the take down, and whether Plaintiff threatened Defendant Hare just prior to the use of force [*See, e.g.*, Doc. 19-1 p. 14-18, Doc. 19-2, Doc. 26-1]. The evidence before the Court is not sufficient to allow resolution of the factual dispute between the parties. Because the resolution of these issues is a key factor as to the rationale for using force, the Court finds summary judgment inappropriate. Accordingly, Plaintiff's motion for partial summary judgment [Doc. 19] will be **DENIED**.

## II. DEFENDANTS' MOTION TO BIFURCATE

Defendants have filed a motion and supporting memorandum asking the Court for an order bifurcating the trial, such that Plaintiff's claim against the individual Defendant, Matthew Hare, should be considered by a jury before the jury is allowed consider Plaintiff's claim against Coffee County [Docs. 17 and 18]. Plaintiff has filed a response indicating he does not oppose bifurcation of the trial but requests that the question of damages be reserved until the county liability phase [Doc. 23]. Defendants have filed a reply opposing Plaintiff's request [Doc. 28].

Federal Rule of Civil Procedure 42(b) authorizes a court to bifurcate a trial for convenience or to avoid prejudice, or when separate trials will "expedite and economize." Fed. R. Civ. P. 42(b). In determining whether bifurcation is appropriate, a court must balance several factors, including "the potential prejudice to the parties, the possible

confusion of the jurors, and the resulting convenience and economy." *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997).

In the instant motion, Defendants argue that Plaintiff's case in chief should not contain arguments or evidence concerning unrelated incidents involving the alleged use of force on other inmates at the jail [Doc. 18 p. 2]. They also maintain that, because Coffee County cannot be held liable under § 1983 unless Plaintiff proves he was subjected to excessive force by Defendant Hare, *see Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1994), bifurcation of the trial would streamline the trial process [*Id*. at 2-3]. That is, the jury would first hear only Plaintiff's claim against Defendant Hare, and if the jury decides in his favor, there would be no need to hear further proof [*Id*.]. Defendants also maintain that Plaintiff's proof of municipal liability will require transporting various inmate witnesses from various penal institutions, and therefore, these costs and resource expenditures will be mitigated by bifurcation if the case never reaches the county liability stage [*Id*. at 3]. They otherwise argue that Plaintiff not be prejudiced if the case progresses to the municipal liability stage, as he would then be allowed to put on proof to show other incidents established a policy, practice, or custom of Coffee County. [*Id*.].

Plaintiff does not oppose bifurcation of the individual and county liability claims in this case, but he does request that if such bifurcation is granted, the question of damages be reserved for the county liability phase [Doc. 23].

Having fully considered the parties' arguments, the Court finds that the outcome of Plaintiff's claims against the individual officer, Defendant Hare, may obviate the need for

further proof. Even if the jury imposes liability on Defendant Hare and the trial continues with Plaintiff's claims against Coffee County, however, bifurcating the trial into phases will streamline the proof and thereby expedite the trial, without creating prejudice to the parties or confusion. However, Plaintiff's damages are the same, regardless of whether liability is found against the officer, the County, or both. *See, e.g., City of Los Angeles v. Heller*, 475 U.S. 796 (1986); *Wells v. City of Dayton*, 495 F.Supp.2d 793, 796 (S.D. Ohio 2006). Therefore, proof of damages will not be reserved, but rather, should be presented during the individual liability phase of trial. Accordingly, Defendants' motion to bifurcate Plaintiff's claims against Defendant Hare from Coffee County [Doc. 17] will be **GRANTED** as set forth above.

### III.   MOTION *IN LIMINE*

Plaintiff has filed a motion *in limine* pursuant to Federal Rule of Evidence 403, seeking to exclude any trial references to his twenty-four convictions for sex offenses and battery of a minor [*See* Docs. 20 and 24]. Defendants oppose the motion [Docs. 22 and 27].

Evidence is "relevant" if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. A piece of evidence "does not need to carry a party's evidentiary burden to be relevant; it simply has to advance the ball." *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009). Generally, all relevant evidence is admissible. *See* Fed. R. Evid. 402.

Under the Federal Rules of Evidence, felony convictions must be admitted unless the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403 and 609. "Unfair prejudice" does not refer to probative evidence that merely damages a defendant's case; "rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). Evidence bearing on a witness' credibility or character for truthfulness "is always relevant," *United States v. Vandetti*, 623 F.2d 1144, 1150 (6th Cir. 1980), and a felony conviction is relevant to impeach a witness' character for truthfulness. Fed. R. Evid. 609(a)(1)(A) (identifying use of a felony as way to call witness's credibility into question).

Resolution of this case will largely depend on the assessment of the credibility of the parties. Plaintiff is in jail, a fact which will be apparent to the jury, so the probative value of impeaching Plaintiff's testimony with his felony convictions is not substantially outweighed by the risk of undue prejudice. Fed. R. Evid. 403. The Court finds, however, that convictions for "sexual contact with minors" are "heavy with prejudice." *United States v. Kemp*, 546 F.3d 759, 764 (6th Cir. 2008). Plaintiff's felonies are relevant in this matter only insofar that they are felonies. *See, e.g., State v. Walker*, 29 S.W.3d 885 (Tenn. Crim. App. 1999); *see also* Fed. R. Evid. 609(a)(2) (noting crimes involving "dishonesty or false statement" are admissible). Details of Plaintiff's convictions are not made more probative to his credibility by revealing their nature, and therefore, Plaintiff's motion to limit impeachment evidence [Doc. 20] will be **GRANTED** as to the nature of Plaintiff's felony convictions and **DENIED** as to the fact of his felony convictions.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for partial summary judgment [Doc. 19] is **DENIED**;

2. Defendants' motion to bifurcate the trial of Plaintiff's individual liability and county liability claims [Doc. 17] is **GRANTED** as set forth above; and

3. Plaintiff's motion *in limine* [Doc. 20] is **GRANTED** as to the nature of Plaintiff's felony convictions and **DENIED** as to the fact of his felony convictions.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE