UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JEREMIAH ALLSOPP, | ) |
| Plaintiff, | ) |
| v. | ) 4:18-cv-56-SKL |
| MATTHEW HARE and COFFEE COUNTY, TENNESSEE, | ) |
| Defendants. | ) |

# ORDER

Before the Court is the aspect of a motion [Doc. 94] filed by Plaintiff Jeremiah Allsopp ("Plaintiff") requesting the issuance of writs ad testificandum directing that two inmates, Danny Jacobs ("Jacobs"), an inmate currently in federal custody in Fort Payne, Alabama, and Doug Christian ("Christian"), an inmate currently in state custody in Alamo, Georgia, be transported to testify at the trial of this matter.[1]  Defendants Matthew Hare and Coffee County, Tennessee ("Defendants"), timely filed a response [Doc. 100].  Plaintiff was ordered to file any reply by September 28, 2021 [Doc. 95], and he chose not to reply by the deadline.  This matter is now ripe. For the reasons set forth below, Plaintiff's motion will be denied as to Jacobs and Christian.

The Court's authority for issuing writs of habeas corpus ad testificandum comes from the federal habeas statute, 28 U.S.C. § 2241(c)(5), together with the All Writs Act, 28 U.S.C. § 1651(a).  "An application for a writ of habeas corpus ad testificandum is addressed to the sound

---

[1] *See* 28 U.S.C. § 1915(d) (providing that for litigants who have been permitted to proceed in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties"). Defendants did not oppose the issuance of a writ as to Plaintiff and the Court found his presence to be necessary so, to avoid unnecessary delays, the Court previously granted the aspect of the motion seeking a writ as to Plaintiff.

discretion of the court." *In re Associated Cmty. Servs., Inc.*, No. 17-mc-50420, 2017 WL 7689633, at *2 (E.D. Mich. Mar. 24, 2017) (quoting *Cuckovich v. United States*, 170 F.2d 89, 90 (6th Cir. 1948)). A court "should issue a writ that requires the production of a prisoner only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980). In making this determination, courts may consider "the importance of the prisoner's testimony, security risks associated with attending the hearing, the cost of transportation and upkeep, and other circumstances bearing on the need for the prisoner's testimony vis-à-vis the difficulties attendant to securing it." *Crowe v. Trustgard Ins. Co.*, No. 5:12-cv-240-KKC, 2015 WL 13636426, at *1 (E.D. Ky. June 9, 2015) (citation omitted). Courts may also consider "the availability of alternative means to accommodate the concerns of both the inmate and the prison officials." *In re Collins*, 73 F.3d 614, 615 (6th Cir. 1995) (reversing district court's issuance of writ).

Plaintiff indicates that both Jacobs and Christian are only needed for the phase of the trial relating to Coffee County's liability, i.e., the Monell phase. To prove Coffee County's liability in the Monell phase, Plaintiff will have to show a "clear and persistent pattern of violating federal rights" that the County had notice of and tacitly approved. *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007).

The party requesting the writ, in this case Plaintiff, "bears the burden of establishing the necessity and relevance of the prisoner's testimony, such as through an offer of proof as to the testimony that the prisoner is expected to give." *Id.* (citing *United States v. Richack*, 820 F.2d 1557, 1567-68 (11th Cir. 1987)). Plaintiff states Jacobs "observed an assault against him [presumably referring to Jacobs, not Plaintiff] by another guard on October 8, 2018." [Doc. 94 at Page ID # 557]. Defendants point out this incident occurred after the incident at issue in this case,

2

which took place on August 29, 2017. Accordingly, the incident cannot assist Plaintiff in establishing that Coffee County had notice of a pattern of constitutional violations.

The Court has previously held that the Jacobs incident is not necessarily irrelevant for all purposes; however, Plaintiff would have to explain why the subsequent incident is probative and material to Coffee County's practices, policies, and accepted customs as they existed at the time of Plaintiff's alleged violation by Hare [Doc. 65 at Page ID # 423-24]. Plaintiff has not done so. His motion provides no detail whatsoever about what he expects Jacobs to testify to or how the testimony relates to some relevant issue in this case. He does not explain how Jacobs's own recounting of an isolated incident occurring more than a year after Plaintiff's incident with Hare "sufficiently relates to the central occurrence" or otherwise provides "reliable insight into the policy in force at the time of the incident." *Foley v. Lowell*, 948 F.2d 10, 14 (1st Cir. 1991).

Defendants also point out that Jacobs himself admitted in a complaint when he sued regarding the October 8 incident, that the County did respond appropriately to this incident and to the "guard's misconduct." *Jacobs v. Taylor*, Case No. 4:19-cv-000-11-TRM-SKL, Doc. 1 at Page ID # 3. Given this admission and Plaintiff's failure to explain the relevance of the incident, the Court agrees with Defendants that this incident does not support a finding that Coffee County had a pattern of tolerating constitutional violations. It is therefore not relevant to the County's liability, which is the only purpose for which Plaintiff plans to offer it at trial. As such, the Court will deny Plaintiff's motion as it pertains to a writ for Jacobs.

As for Christian, Plaintiff states he "observed an assault against him [again, presumably referring to Christian, not Plaintiff] by another guard on October 5, 2016." [Doc. 94 at Page ID # 558]. Defendants state "[a]ll that is known about this incident is gleaned from a jail grievance by Doug Christian while an inmate at the Coffee County Jail." [Doc. 100 at Page ID # 616]. In the

3

grievance, Christian writes that he is 65 years old and disabled. *Cretacci v. Hare*, Case No. 4:19-cv-55-SKL, Doc. 44-5. He states that while he was undressing, Officer Collins told him to take his pants and necklace off or he would tear them off, then Officer Sharp "pushed his head down" and Officer Collins "grabbed [his] right arm . . . and pushed down." *Id.* Christian "felt something pop" in his neck and his "right arm went numb." *Id.*. The "Admin Notes" and "Notes to Inmate" sections of the grievance are both left blank, and the "Status" section is labeled "New." *Id.*.

Defendants contend that "Plaintiff's counsel has previously argued the applicability of the Christian incident and the above cited grievance to establish identical Monell claims against Coffee County. He has been unsuccessful." [Doc. 100 at Page ID # 617]. At best, this is an overstatement.

In *Cretacci v. Hare*, this Court noted there was very scant proof about the Christian incident, including whether or how it was addressed by jail supervisors. No. 4:19-cv-55-SKL, 2021 WL 202997, at *8-10 (E.D. Tenn. Jan. 20, 2021). Nevertheless, the Court assumed the incident was relevant to the plaintiff's Monell claim, but ultimately found that even counting the Christian incident, the plaintiff did not present sufficient proof of a pattern. The Court did not hold the Christian incident was not applicable to county liability claims. Indeed, there was scant proof on both sides, as Defendants did not affirmatively represent that the incident was investigated, dealt with, or resolved. Moreover, in *Roberts v. Coffee County*, the Sixth Circuit did not consider the Christian incident as far as the Court can tell. 826 F. App'x 549, 558 (6th Cir. 2020). It did note that, for other incidents, "there is no evidence about how the County responded," as a reason for dismissing Roberts's claims against Coffee County. *Id.*

Regardless of Defendant's overstatement, however, Plaintiff fails to address how the incident with Christian constitutes an unconstitutional use of force. Reportedly, the officers pushed Christian's head down and grabbed his arm, then pushed his arm down, while they were

4

in the process of undressing him. Plaintiff fails to address that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates [the Constitution]." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

As Defendants point out, Christian is in a state prison located more than 250 miles away from the federal courthouse where this civil trial will be held. Given the scant proof about Coffee County's response to the alleged Christian incident (which Christian would not be permitted to speculate about), the lack of information regarding the nature or extent of the force involved, the likely high cost of transporting and guarding Christian at trial, Plaintiff's apparent failure to consider less burdensome alternative means such as deposing Christian, and Plaintiff's total failure to address any of these issues in his motion or even reply to the issues raised by Defendants, the Court will also deny the motion as to Christian.

In sum, neither Jacobs's nor Christian's physical presence has been shown to "contribute significantly to a fair adjudication of [Plaintiff's] claims." *Holt*, 619 F.2d at 561. Accordingly, Plaintiff's motion [Doc. 94] is **DENIED** as to inmates Jacobs and Christian. Having addressed all writs requested, the Clerk is directed to terminate the motion.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE